## J. B. BOULDIN V. THE STATE.

No. 11487.   Delivered April 4, 1928.

**1.—Theft of Automobile — New Trial — Newly Discovered Evidence — No Diligence Shown—Properly Refused.**

Where, on conviction for theft of an automobile, appellant requested a new trial on the ground of newly discovered evidence, and in his motion the bare statement is made that appellant's failure to discover same prior to the time of trial, was not due to any want of diligence on his part, such statement is insufficient to show diligence.   See Wilson v. State, 38 S. W. 1013, and Stewart v. State, 76 Tex. Crim. Rep. 31.   Vernon's C. C. P., 1925, Vol. 3, p. 17.

**2.—Same—Continued.**

The rule is well settled that the trial court is vested with discretion in matters of this kind, and his action in overruling a motion for a new trial for newly discovered evidence, will not be disturbed on appeal, unless it clearly appears that he has abused his discretion to the prejudice of the accused.

Appeal from the District Court of Bexar County.   Tried below before the Hon. W. W. McCrory, Judge.

Appeal from a conviction for the theft of an automobile, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Lamar Seeligson,* District Attorney; *Bernard Ladon,* Assistant District Attorney of Bexar County, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense theft of an automobile, penalty two years in the penitentiary.

Prosecuting witness had a Ford coupe stolen on Sunday night, May 9, 1926, between the hours of 8 and 11:30 o'clock.   Appellant's defense was an alibi.

He made a motion for a new trial based upon newly discovered evidence and attached thereto the affidavits of J. P. Boleyn and Mrs. Crysta McGee.   The affidavit of the first witness states that he saw appellant on the streets of San Antonio about 8 o'clock on the night of May 9, 1926.   As appellant had three hours and a half after this time to steal the car, it seems plain this testimony would not have helped him.   The affidavit of Mrs. Crysta McGee sets out that she roomed across the hall from appellant and that appellant was in his room on Sunday

night, May 9, 1926, except for a period of about forty minutes at 7:30 or 8 o'clock p. m., when he was absent. She further states that she left San Antonio in August, 1926, and moved to Cuero and from there to Coleman and did not return to San Antonio until December, 1926. The indictment against appellant was filed June 17, 1926. Appellant was tried in November, 1926. If this witness roomed across the hall from appellant and he was in his room as detailed by her, he knew that fact in June, 1926, when he was indicted and yet no subpoena was issued for this witness apparently, though she was in San Antonio for some two months after this date. No excuse is offered for this. The bare statement is made in the motion for new trial that appellant's failure to discover same prior to the time of his trial was not due to any want of diligence on his part. It has been held that this bare statement is insufficient to show diligence. Wilson v. State, 38 S. W. 1013. No diligence being shown and no excuse for the failure to subpoena this witness being averred, the court properly overruled appellant's motion for new trial. Stewart v. State, 76 Tex. Crim. Rep. 51. Vernon's C. C. P. (1925), Vol. 3, p. 17. In addition to the above, the motion for a new trial in no way negatived the theory that appellant could have stolen the car and been absent from his room only forty minutes.

The rule is well settled that the trial court is vested with discretion in matters of this kind and his action in overruling a motion for new trial for newly discovered evidence will not be disturbed on appeal unless it clearly appears that he abused his discretion to the prejudice of the accused. Gordon v. State, 88 Tex. Crim. Rep. 17; Vernon's C. C. P. (1925), Vol. 3, p. 15.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.